Charles Chevalier
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4611
cchevalier@gibbonslaw.com

*Of Counsel:*
David I. Berl
Elise M. Baumgarten
Kevin Hoagland-Hanson
Falicia Elenberg
Nicholas Vincent
Max Accardi
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
(202) 434-5000
dberl@wc.com
ebaumgarten@wc.com
khoagland-hanson@wc.com
felenberg@wc.com
nvincent@wc.com
maccardi@wc.com

*Counsel for Plaintiffs AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, AstraZeneca AB, KuDOS Pharmaceuticals Limited, and MSD International Business GmbH*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, ASTRAZENECA AB, KUDOS PHARMACEUTICALS LIMITED, and MSD INTERNATIONAL BUSINESS GMBH<br><br>*Plaintiffs,*<br><br>v.<br><br>NATCO PHARMA LIMITED and NATCO PHARMA INC.,<br><br>*Defendants.* | Civil Action No. 3:24-5887<br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(Filed Electronically)** |

Plaintiffs AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, AstraZeneca AB, KuDOS Pharmaceuticals Limited, and MSD International Business GmbH, (collectively, "Plaintiffs"), by their attorneys, file this Complaint against Defendants Natco Pharma Limited and Natco Pharma Inc., (collectively, "Natco"), and allege the following:

**Nature of the Action**

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 *et seq*., which arises out of the submission by Natco of an Abbreviated New Drug Application ("ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a generic version of LYNPARZA® (olaparib) tablets, 100 mg and 150 mg, prior to the expiration of U.S. Patent No. 11,970,530 (the "'530 patent") and U.S. Patent No. 11,975,001 (the "'001 patent") (collectively, the "Patents-in-Suit").

2. Natco Pharma Ltd. notified Plaintiffs by letter dated December 28, 2022 ("Natco's Notice Letter") that it had submitted to FDA ANDA No. 218044 ("Natco's ANDA"), seeking approval from FDA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic olaparib tablets, 100 mg and 150 mg, ("Natco's ANDA Product") prior to the expiration of U.S. Patent Nos. 7,449,464, 8,475,842, and 8,859,562. Natco subsequently sent Plaintiffs a second letter dated June 14, 2023, stating that Natco was seeking approval for Natco's ANDA prior to the expiration of U.S. Patent No. 11,633,396.

3. Plaintiffs filed suit against Natco in this District, asserting that Natco's ANDA infringes U.S. Patent Nos. 7,449,464, 8,475,842, 11,633,396, and 8,859,562. *See AstraZeneca Pharms. L.P. v. Natco Pharma Ltd.*, Civ. No. 23-796, Dkt. No. 1. That suit is currently pending in this District. The parties subsequently stipulated to the dismissal without prejudice of Plaintiffs' infringement claims based on U.S. Patent Nos. 8,475,842 and 11,633,396, as well as Natco's

Affirmative Defenses and Counterclaims related to those patents. *See AstraZeneca Pharms. L.P. v. Natco Pharma Ltd.*, Civ. No. 23-796, Dkt. No. 51.

**The Parties**

4. Plaintiff AstraZeneca Pharmaceuticals LP is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803. AstraZeneca Pharmaceuticals LP is the holder of New Drug Application No. 208558 for the manufacture and sale of LYNPARZA® (olaparib) tablets.

5. Plaintiff AstraZeneca UK Limited is a private company limited by shares organized and existing under the laws of England and Wales, whose registered office is at 1 Francis Crick Avenue, Cambridge Biomedical Campus, Cambridge CB2 0AA, United Kingdom.

6. Plaintiff AstraZeneca AB is a limited company organized and existing under the laws of Sweden, whose registered office is at SE-151 85, Södertälje, Sweden.

7. Plaintiff KuDOS Pharmaceuticals Limited is a private company limited by shares organized and existing under the laws of England and Wales, whose registered office is at 1 Francis Crick Avenue, Cambridge Biomedical Campus, Cambridge CB2 0AA, United Kingdom.

8. Plaintiff MSD International Business GmbH is a company with limited liability organized and existing under the laws of Switzerland, whose registered office is at Tribschenstrasse, 60, 6005 Lucerne, Switzerland.

9. On information and belief, defendant Natco Pharma Limited is a company organized and existing under the laws of the Republic of India with a principal place of business at Natco House Road No. 2, Banjara Hills 500 034, Hyderabad, India. On information and belief, Natco Pharma Limited is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs, including through various operating subsidiaries and/or agents, including Natco Pharma Inc.

10. On information and belief, defendant Natco Pharma Inc. is a corporation organized and existing under the laws of the State of Delaware. On information and belief, Natco Pharma Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

11. On information and belief, Natco Pharma Inc. is a wholly owned subsidiary of Natco Pharma Limited and is controlled by Natco Pharma Limited.

12. On information and belief, Natco Pharma Limited and Natco Pharma Inc. acted in concert to prepare and submit Natco's ANDA to the FDA.

13. On information and belief, Natco Pharma Limited and Natco Pharma Inc. know and intend that upon approval of Natco's ANDA, Natco Pharma Limited will manufacture Natco's ANDA Product and Natco Pharma Limited and Natco Pharma Inc. will directly or indirectly market, sell, and distribute Natco's ANDA Product throughout the United States, including in New Jersey.

14. On information and belief, following any FDA approval of Natco's ANDA, Natco Pharma Limited and Natco Pharma Inc. will act in concert to distribute and sell Natco's ANDA Product throughout the United States, including in New Jersey.

## **Jurisdiction**

15. Plaintiffs incorporate each of the preceding paragraphs 1–14 as if fully set forth herein.

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

17. Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over Natco Pharma Ltd. and Natco Pharma Inc.

18. Natco Pharma Ltd. and Natco Pharma Inc. are subject to personal jurisdiction in New Jersey because, among other things, Natco Pharma Ltd. and Natco Pharma Inc. have purposefully availed themselves of the benefits and protections of New Jersey's laws such that those entities would reasonably anticipate being haled into court here. On information and belief, Natco Pharma Ltd. and Natco Pharma Inc. develop, manufacture, import, market, offer to sell, and/or sell generic drugs throughout the United States, including in the State of New Jersey, and therefore transact business within the State of New Jersey related to Plaintiffs' claims, and/or have engaged in systematic and continuous business contacts within the State of New Jersey.

19. In addition, this Court has personal jurisdiction over Natco Pharma Ltd. and Natco Pharma Inc. because, among other things, on information and belief: (1) Natco Pharma Ltd. filed Natco's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product in the United States, including New Jersey; and (2) upon approval of Natco's ANDA, Natco Pharma Ltd. and Natco Pharma Inc. will directly, or indirectly through subsidiaries, intermediaries, distributors, retailers, or others, market, distribute, offer for sale, sell, and/or import Natco's ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Natco's ANDA Product in New Jersey. *See Acorda Therapeutics Inc. v. Mylan Pharms. Inc.*, 817 F.3d 755, 763 (Fed. Cir. 2016). On information and belief, upon approval of Natco's ANDA, Natco's ANDA Product will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in New Jersey; prescribed by physicians practicing in New Jersey; dispensed by pharmacies located within New Jersey; and/or used by patients in New Jersey, all of which would have a substantial effect on New Jersey.

20. This Court has personal jurisdiction over Natco Pharma Ltd. and Natco Pharma Inc. because those entities (1) engage in patent litigation concerning Natco's ANDA products in this

District, and (2) do not contest personal jurisdiction in this District. *See, e.g.*, *Gilead Scis., Inc. v. Natco Pharma Ltd.*, Civ. No. 11-1455, Dkt. No. 24 (D.N.J. Sept. 30, 2011).

21. Additionally, Natco Pharma Ltd. and Natco Pharma Inc. have filed an Answer and asserted counterclaims in a related action in this District, *AstraZeneca Pharms. L.P. v. Natco Pharma Ltd.*, Civ. No. 23-796, Dkt. No. 36 (D.N.J. Sept. 5, 2023). In that Answer, Natco Pharma Ltd. and Natco Pharma Inc. have consented to personal jurisdiction in this District.

22. For the above reasons, it would not be unfair or unreasonable for Natco Pharma Ltd. and Natco Pharma Inc. to litigate this action in this District, and the Court has personal jurisdiction over those entities here.

## **Venue**

23. Plaintiffs incorporate each of the preceding paragraphs 1–22 as if fully set forth herein.

24. Venue is proper in this District as to Natco Pharma Ltd. pursuant to 28 U.S.C. § 1391, at least because, on information and belief, Natco Pharma Ltd. is a foreign corporation that may be sued in any judicial district in which it is subject to the Court's personal jurisdiction.

25. Venue is proper in this District as to Natco Pharma Inc. pursuant to 28 U.S.C. § 1400(b), at least because, on information and belief, Natco Pharma Inc. has committed, or will commit, an act of infringement in this District, and has a regular and established place of business in this District. On information and belief, among other things, (1) Natco filed Natco's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product in the United States, including New Jersey; and (2) upon approval of Natco's ANDA, Natco will market, distribute, offer for sale, sell, and/or import Natco's ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Natco's ANDA Product in New Jersey.

26. Venue is proper in this District as to Natco Pharma Ltd. and Natco Pharma Inc. because those entities (1) engage in patent litigation concerning Natco's ANDA products in this District, and (2) do not contest that venue is proper in this District. *See, e.g.*, *Gilead Scis., Inc. v. Natco Pharma Ltd.*, Civ. No. 11-1455, Dkt. No. 24 (D.N.J. Sept. 30, 2011).

27. Additionally, Natco Pharma Ltd. and Natco Pharma Inc. have filed an Answer and asserted counterclaims in a related action in this District, *AstraZeneca Pharms. L.P. v. Natco Pharma Ltd.*, Civ. No. 23-796, Dkt. No. 36 (D.N.J. Sept. 5, 2023). In that Answer, Natco Pharma Ltd. and Natco Pharma Inc. have consented to venue in this District.

**Factual Background**

28. LYNPARZA® is approved by FDA for the treatment of certain ovarian, breast, pancreatic, and prostate cancers. The active pharmaceutical ingredient in LYNPARZA® is olaparib, a poly (ADP-ribose) polymerase (PARP) inhibitor.

29. In Natco's Notice Letter, Natco stated that the subject of Natco's ANDA is olaparib tablets, 100 mg and 150 mg. In Natco's Notice Letter, Natco states that Natco's ANDA was submitted under 21 U.S.C. § 355(j)(1) and § 355(j)(2)(A) and contends that Natco's ANDA contains bioavailability and/or bioequivalence studies for Natco's ANDA Product. On information and belief, Natco's ANDA Product is a generic version of LYNPARZA®.

30. The purpose of Natco's submission of Natco's ANDA was to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product.

31. Following receipt of Natco's Notice Letter, on February 10, 2023, Plaintiffs filed suit against Natco alleging that Natco's ANDA infringes certain patents, including U.S. Patent Nos. 7,449,464 and 8,859,562. *See AstraZeneca Pharms. L.P. v. Natco Pharma Ltd.*, Civ. No. 23-796, Dkt. No. 1. That suit is currently pending in this District.

32. On information and belief, Natco has not challenged U.S. Patent No. 8,143,241 or U.S. Patent No. 8,071,579, which are listed in connection with LYNPARZA® in the FDA's Orange Book and expire on August 12, 2027. On information and belief, following the expiration of those patents, Natco will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product immediately and imminently upon FDA approval of Natco's ANDA.

33. On April 10, 2024, the U.S. Patent and Trademark Office issued an Issue Notification for the '530 patent, and indicated that the '530 patent would issue on April 30, 2024. On April 17, 2024, the U.S. Patent and Trademark Office issued an Issue Notification of the '001 patent, and indicated that the '001 patent would issue on May 7, 2024.

34. On April 24, 2024, Plaintiffs notified Natco's outside counsel of the upcoming issuance of the Patents-in-Suit. Plaintiffs also indicated that they anticipated that Natco would file a Paragraph IV Certification to FDA alleging the Patents-in-Suit are invalid, unenforceable, and/or not infringed, and that Natco would seek approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Natco's ANDA Product prior to the expiration of the Patents-in-Suit. Plaintiffs received no substantive response from Natco as of the date of this Complaint.

35. On information and belief, Natco intends to seek approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Natco's ANDA Product prior to the expiration of the Patents-in-Suit.

**Count I – Infringement of the '530 Patent Under 35 U.S.C. § 271(e)(2)**

36. Plaintiffs incorporate each of the preceding paragraphs 1–35 as if fully set forth herein.

37. On April 30, 2024, the United States Patent and Trademark Office (the "USPTO") duly and lawfully issued the '530 patent, entitled "Methods of Treating Homologous Recombination Deficient Cancer." A copy of the '530 patent is attached hereto as Exhibit A.

38. Plaintiff AstraZeneca AB is the assignee of the '530 patent. Plaintiffs collectively possess all exclusive rights and interests in the '530 patent.

39. The '530 patent claims, *inter alia*, a method for treating ovarian cancer, fallopian tube cancer, primary peritoneal cancer, and/or pancreatic cancer in a subject, the method comprising administering to the subject a therapeutically effective amount of bevacizumab, and a therapeutically effective amount of 4-[3-(4-Cyclopropanecarbonyl-Piperazine-1-Carbonyl)-4-Fluoro-Benzyl]-2H-Phthalazin-1-One (olaparib).

40. LYNPARZA® contains olaparib as its active pharmaceutical ingredient.

41. Methods of using LYNPARZA® are covered by at least one claim of the '530 patent, and the '530 patent will be listed in connection with LYNPARZA® in the FDA's Orange Book.

42. On information and belief, Natco has not challenged U.S. Patent No. 8,143,241 or U.S. Patent No. 8,071,579, which are listed in connection with LYNPARZA® in the FDA's Orange Book and expire on August 12, 2027. On information and belief, following the expiration of those patents, Natco will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product immediately and imminently upon FDA approval of Natco's ANDA.

43. Natco received notice of the '530 patent at least as of April 24, 2024, when Plaintiffs notified Natco's outside counsel of the upcoming issuance of the Patents-in-Suit.

44. On information and belief, Natco intends to seek approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Natco's ANDA Product prior to the expiration of the Patents-in-Suit.

45. Natco's submission of Natco's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product prior to the expiration of the '530 patent was an act of infringement of the '530 patent under 35 U.S.C. § 271(e)(2)(A).

46. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product would infringe at least claim 1 of the '530 patent, either literally or under the doctrine of equivalents.

47. On information and belief, the use of Natco's ANDA Product in accordance with and as directed by Natco's proposed labeling for that product would infringe at least claim 1 of the '530 patent.

48. On information and belief, Natco plans and intends to, and will, actively induce infringement of the '530 patent when Natco's ANDA is approved, and plans and intends to, and will, do so after approval.

49. On information and belief, Natco knows that Natco's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '530 patent and that Natco's ANDA Product and its proposed labeling is not suitable for substantial non-infringing use. On information and belief, Natco plans and intends to, and will, contribute to infringement of the '530 patent after approval of Natco's ANDA.

50. The foregoing actions by Natco constitute and/or will constitute infringement of the '530 patent, active inducement of infringement of the '530 patent, and contribution to the infringement by others of the '530 patent.

51. On information and belief, Natco has acted with full knowledge of the ’530 patent and without a reasonable basis for believing that it would not be liable for infringing the ’530 patent, actively inducing infringement of the ’530 patent, and contributing to the infringement by others of the ’530 patent.

52. Unless Natco is enjoined from infringing the ’530 patent, actively inducing infringement of the ’530 patent, and contributing to the infringement by others of the ’530 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**Count II – Declaratory Judgment of Infringement of the ’530 Patent**

53. Plaintiffs incorporate each of the preceding paragraphs 1–52 as if fully set forth herein.

54. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Plaintiffs on the one hand and Natco on the other regarding the validity and/or infringement of the ’530 patent.

55. The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Natco’s ANDA Product with its proposed labeling, or any other Natco drug product that is covered by or whose use is covered by the ’530 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the ’530 patent, and that the claims of the ’530 patent are valid.

**Count III – Infringement of the ’001 Patent Under 35 U.S.C. § 271(e)(2)**

56. Plaintiffs incorporate each of the preceding paragraphs 1–55 as if fully set forth herein.

57. On May 7, 2024, the United States Patent and Trademark Office (the “USPTO”) duly and lawfully issued the ’001 patent, entitled “Immediate Release Pharmaceutical Formulation

of 4-[3-(4-Cyclopropanecarbonyl-Piperazine-1-Carbonyl)-4-Fluoro-Benzyl-]-2H-Phthalazin-1-One." A copy of the '001 patent is attached hereto as Exhibit B.

58. Plaintiff KuDOS Pharmaceuticals Limited is the assignee of the '001 patent. Plaintiffs collectively possess all exclusive rights and interests in the '001 patent.

59. The '001 patent claims, *inter alia*, an immediate-release pharmaceutical composition in the form of a solid dispersion comprising 4-[3-(4-Cyclopropanecarbonyl-Piperazine-1-Carbonyl)-4-Fluoro-Benzyl-]-2H-Phthalazin-1-One, known by the international nonproprietary name olaparib, and certain excipients.

60. LYNPARZA® contains olaparib as its active pharmaceutical ingredient.

61. LYNPARZA® is covered by at least one claim of the '001 patent, and the '001 patent will be listed in connection with LYNPARZA® in the FDA's Orange Book.

62. On information and belief, Natco has not challenged U.S. Patent No. 8,143,241 or U.S. Patent No. 8,071,579, which are listed in connection with LYNPARZA® in the FDA's Orange Book and expire on August 12, 2027. On information and belief, following the expiration of those patents, Natco will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product immediately and imminently upon FDA approval of Natco's ANDA.

63. Natco received notice of the '001 patent at least as of April 24, 2024, when Plaintiffs notified Natco's outside counsel of the upcoming issuance of the Patents-in-Suit.

64. On information and belief, Natco intends to seek approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Natco's ANDA Product prior to the expiration of the Patents-in-Suit.

65. Natco's submission of Natco's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's

ANDA Product prior to the expiration of the ’001 patent was an act of infringement of the ’001 patent under 35 U.S.C. § 271(e)(2)(A).

66. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco’s ANDA Product would infringe at least claim 1 of the ’001 patent, either literally or under the doctrine of equivalents.

67. On information and belief, the use of Natco’s ANDA Product in accordance with and as directed by Natco’s proposed labeling for that product would infringe at least claim 1 of the ’001 patent.

68. On information and belief, Natco plans and intends to, and will, actively induce infringement of the ’001 patent when Natco’s ANDA is approved, and plans and intends to, and will, do so after approval.

69. On information and belief, Natco knows that Natco’s ANDA Product and its proposed labeling are especially made or adapted for use in infringing the ’001 patent and that Natco’s ANDA Product and its proposed labeling is not suitable for substantial non-infringing use. On information and belief, Natco plans and intends to, and will, contribute to infringement of the ’001 patent after approval of Natco’s ANDA.

70. The foregoing actions by Natco constitute and/or will constitute infringement of the ’001 patent, active inducement of infringement of the ’001 patent, and contribution to the infringement by others of the ’001 patent.

71. On information and belief, Natco has acted with full knowledge of the ’001 patent and without a reasonable basis for believing that it would not be liable for infringing the ’001 patent, actively inducing infringement of the ’001 patent, and contributing to the infringement by others of the ’001 patent.

72. Unless Natco is enjoined from infringing the ’001 patent, actively inducing infringement of the ’001 patent, and contributing to the infringement by others of the ’001 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**Count IV – Declaratory Judgment of Infringement of the ’001 Patent**

73. Plaintiffs incorporate each of the preceding paragraphs 1–72 as if fully set forth herein.

74. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Plaintiffs on the one hand and Natco on the other regarding validity and/or infringement of the ’001 patent.

75. The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Natco’s ANDA Product with its proposed labeling, or any other Natco drug product that is covered by or whose use is covered by the ’001 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the ’001 patent, and that the claims of the ’001 patent are valid.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

1. A judgment that the Patents-in-Suit have been infringed under 35 U.S.C. § 271(e)(2) by Natco’s submission to the FDA of Natco’s ANDA;
2. A judgment that the Patents-in-Suit are valid and enforceable;
3. A judgment pursuant to 35 U.S.C. § 271(e)(4)(A) ordering that the effective date of any FDA approval of Natco’s ANDA and for Natco to make, use, offer for sale, sell, market, distribute, or import Natco’s ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, shall not be earlier than the latest of the

expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity.

4. A preliminary and permanent injunction pursuant to 35 U.S.C. § 371(e)(4)(B) enjoining Natco, its officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from making, using, selling, offering for sale, marketing, distributing, or importing Natco's ANDA Product, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, or the inducement of or the contribution to any of the foregoing, prior to the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;
5. An order pursuant to this Court's equitable power that the effective date of any final approval of Natco's ANDA shall be a date that is not earlier than the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;
6. A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing Natco's ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, prior to the expiration dates of the Patents-in-Suit, respectively, will infringe, actively induce infringement of, and/or contribute to the infringement by others of the Patents-in-Suit;
7. A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;
8. An award of Plaintiffs' costs and expenses in this action; and
9. Such further and other relief as this Court may deem just and proper.

Dated: May 7, 2024

Respectfully submitted,

*s/Charles Chevalier*

Charles Chevalier
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4611
cchevalier@gibbonslaw.com

*Of Counsel*:
David I. Berl
Elise M. Baumgarten
Kevin Hoagland-Hanson
Falicia Elenberg
Nicholas Vincent
Max Accardi
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
dberl@wc.com
ebaumgarten@wc.com
khoagland-hanson@wc.com
felenberg@wc.com
nvincent@wc.com
maccardi@wc.com
*Counsel for Plaintiffs AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, AstraZeneca AB, KuDOS Pharmaceuticals Limited, and MSD International Business GmbH*